UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AT LAW AND IN ADMIRALTY

CASE NO.: 21-cv-62248-BLOOM/Valle

TAYLOR BOWKER, individually,

                    Plaintiff,

vs.

M/Y "SEALYON", her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, *in rem* and *quasi in rem*; SEALYON MARINE LTD., *in personam* and *quasi in rem*; ANTHONY LYONS, *in personam,* and *quasi in rem*; and BEN WHITEHEAD, *in personam* and *quasi in rem*;

                    Defendants.

_____/

**PLAINTIFF'S STATUS REPORT IN COMPLIANCE WITH THE COURT'S**
**ORDER DATED DECEMBER 8, 2021**

COMES NOW, the Plaintiff, TAYLOR BOWKER, by and through undersigned counsel, in compliance with this Court's Order to File Status Report Regarding Service Upon Foreign Defendants (DE 7) and pursuant to all applicable rules of civil procedure including the Federal Rules of Civil Procedure and the Local Rules of this court, and hereby files this his Status Report in Compliance With The Court's Order dated December 8, 2021, and in support thereof states as follows:

1.     The instant action was filed on October 29, 2021, after pre-suit settlement efforts impassed.

BOWKER vs. M/Y "SEALYON", et al.
CASE NO.: 21-cv-62248-BLOOM/Valle
Status Report in Compliance With The Court's Order dated December 8, 2021

  2. All defendants in this matter are foreign to the United States as far as service of process is concerned. The Plaintiff does, however, believe that assets of the defendants, the defendant vessel, and possibly one or more of the individual defendants will soon be within the Court's jurisdiction.

  3. By way of the instant action, the Plaintiff seeks to recover for personal injuries sustained as a crewmember employed by the Defendants on board the M/Y Sealyon. The causes of action alleged include Jones Act Negligence, Unseaworthiness, Failure to Pay Maintenance, Cure and Unearned Wages, and General Maritime Law Negligence. Service on the vessel must be via warrant of arrest pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. Service on the remaining defendants will be via writ of attachment of assets located within the jurisdiction pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, via personal service of summons if found here in the Southern District of Florida, via the Hague Convention to the extent the individuals cannot be located within the jurisdiction, and/or substitute service via the Florida Secretary of State.

  4. The Plaintiff is required to verify the complaint to obtain a warrant of arrest and writs of attachment. The Plaintiff is a professional seafarer who has been absent from the jurisdiction, but will be returning to Florida on Thursday, January 13, 2022, and should be available to execute a verification. This will permit the Amended Complaint to be filed along with motions seeking the issuance of a warrant of arrest and writs of attachment. Service of the warrant and writs will depend on locating the vessel and other assets within the jurisdiction.

BOWKER vs. M/Y "SEALYON", et al.
CASE NO.: 21-cv-62248-BLOOM/Valle
<u>Status Report in Compliance With The Court's Order dated December 8, 2021</u>

Dated: January 7, 2022.

                       Respectfully submitted,

                       MCLEOD BROCK
                       150 East Palmetto Park Road, Suite 800
                       Boca Raton, Florida 33432
                       South Florida Office: 561-465-7517
                       Facsimile: 561-516-6188
                       mmcleod@mcleodbrock.com
                       michelle@mcleodbrock.com

                       By _/s/ Michael W. McLeod_____
                         MICHAEL W. McLEOD, ESQ.
                         Fla. Bar #956831