UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AT LAW AND IN ADMIRALTY

CASE NO.: 21-cv-62248-BLOOM/Valle

TAYLOR BOWKER, individually,

                Plaintiff,

vs.

M/Y "SEALYON", her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, *in rem* and *quasi in rem*; SEALYON MARINE LTD., *in personam* and *quasi in rem*; ANTHONY LYONS, *in personam,* and *quasi in rem*; and BEN WHITEHEAD, *in personam* and *quasi in rem*;

                Defendants.
_____/

**PLAINTIFF'S STATUS REPORT IN COMPLIANCE WITH THE COURT'S ORDER DATED JANUARY 21, 2022**

COMES NOW, the Plaintiff, TAYLOR BOWKER, by and through undersigned counsel, in compliance with this Court's Order to File Monthly Status Report Regarding Service Upon Foreign Defendants (DE 10) and pursuant to all applicable rules of civil procedure including the Federal Rules of Civil Procedure and the Local Rules of this court, and hereby files this his Status Report in Compliance With The Court's Order dated January 21, 2022, and in support thereof states as follows:

    1.    The instant action was filed on October 29, 2021, after pre-suit settlement efforts impassed.

BOWKER vs. M/Y "SEALYON", et al.
CASE NO.: 21-cv-62248-BLOOM/Valle
<u>Status Report in Compliance With The Court's Order dated January 21, 2022</u>

  2. All defendants in this matter are foreign to the United States as far as service of process is concerned. The Plaintiff does, however, believe that assets of the defendants, the defendant vessel, and possibly one or more of the individual defendants will soon be within the Court's jurisdiction.

  3. By way of the instant action, the Plaintiff seeks to recover for personal injuries sustained as a crewmember employed by the Defendants on board the M/Y Sealyon. The causes of action alleged include Jones Act Negligence, Unseaworthiness, Failure to Pay Maintenance, Cure and Unearned Wages, and General Maritime Law Negligence. Service on the vessel must be via warrant of arrest pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. Service on the remaining defendants will be via writ of attachment of assets located within the jurisdiction pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, via personal service of summons if found here in the Southern District of Florida, via the Hague Convention to the extent the individuals cannot be located within the jurisdiction, and/or substitute service via the Florida Secretary of State.

  4. On January 14, 2022, Plaintiff filed his Verified Amended Complaint with Request for Issue of Supplemental Maritime Rule B Writ of Foreign Attachment and Supplemental Rule C Warrant of Arrest (DE 9)

  5. On January 21, 2022, Plaintiff filed his Notice of Filing Proposed Summonses directed to SEALYON MARINE, LTD., ANTHONY LYONS and BEN WHITEHEAD. Thereafter, the summons were issued and provided to a local process server who has attempted to serve the defendants on a number of occasions.

BOWKER vs. M/Y "SEALYON", et al.
CASE NO.: 21-cv-62248-BLOOM/Valle
Status Report in Compliance With The Court's Order dated January 21, 2022

6. Recently, the Plaintiff was advised that the vessel may currently be located in the district. The Plaintiff has attempted to confirm the vessel's location and serve the defendants at that location. The Plaintiff believes that one or more of the individual defendants is aware that summons have been issued and is evading. For example, the processer server has now been denied access to the location where the vessel may be under repair.

7. The Plaintiff has also been contacted by counsel for Ben Whitehead regarding whether the matter can be resolved short of seizing the vessel. These communications are ongoing.

8. At this point, Plaintiff has prepared and plans to file the motions and associated documents to issue a warrant of arrest and a writ of foreign attachment. The defendants may post security for the Plaintiff's claim and avoid the seizure of the vessel. Should security not be posted, the Plaintiff will be forced to move forward and seize the vessel.

Dated: February 7, 2022.

Respectfully submitted,

MCLEOD BROCK
150 East Palmetto Park Road, Suite 800
Boca Raton, Florida 33432
South Florida Office: 561-465-7517
Facsimile: 561-516-6188
mmcleod@mcleodbrock.com
michelle@mcleodbrock.com

By  /s/ Michael W. McLeod
   MICHAEL W. McLEOD, ESQ.
   Fla. Bar #956831