UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62248-BLOOM/Valle

TAYLOR BOWKER,

    Plaintiff,

v.

M/Y SEALYON, SEALYON MARINE, LTD.,
ANTHONY LYONS, and BEN WHITEHEAD,

    Defendants.
_____/

## ORDER DIRECTING APPOINTMENT OF SUBSTITUTE CUSTODIAN

**THIS CAUSE** is before the Court upon Plaintiff's Emergency Motion for the Appointment of a Substitute Custodian and Permission for the Custodian to Move the Vessel If Necessary for Security Reasons, ECF No. [16] ("Motion"). The Court has reviewed the motion and notes that a proper Consent and Indemnification has been filed and provided. After careful consideration, it is

**ORDERED AND ADJUDGED** as follows:

    1.    The Motion**, ECF No. [16]**, is **GRANTED**.

    2.    National Maritime Services is appointed to serve as substitute custodian ("Substitute Custodian") of the M/Y "SEALYON," a 2006, 235-gross-ton, 36.45 meters, (119.58 foot-long), Jamaican-flagged motor yacht bearing IMO No. 9450260, her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, in accordance with the Motion. The Substitute Custodian will charge a rate consistent with its normal rates for the custodial care of vessels as represented on Exhibit "A" attached to the Motion.

    3.    The United States Marshal for the Southern District of Florida is authorized and

Case No. 21-cv-62248-BLOOM/Valle

directed, upon its seizure of the M/Y "SEALYON," pursuant to the Warrant of Arrest in Rem and Writ of Foreign Attachment, *quasi in rem*, to surrender the possession thereof into the custody of National Maritime Services located at:

> 1560 Sawgrass Corporate Parkway, 4th Floor
> Fort Lauderdale, Florida, USA 33323
> Telephone: 954-990-1290
> Fax: 954-602-9127

4. Upon transfer of custody to the Substitute Custodian by the United States Marshal, the Substitute Custodian is appointed to act as substitute custodian of the Defendant Vessel during *custodia legis* on behalf of this Court, in the place and instead of the United States Marshal, until further Order of the Court, and the Substitute Custodian shall cause the Vessel to remain in its sole care, custody and control.

5. Upon transfer of custody of the Defendant Vessel to the Substitute Custodian by the United States Marshal, the United States Marshal shall be discharged from its duties and responsibilities for the safekeeping of said Vessel and shall not be liable for any loss occurring while it remains in the custody of the Substitute Custodian.

6. It is accordingly ordered that the United States Marshal be authorized and directed to surrender the possession and custody of the vessel to NATIONAL MARITIME SERVICES and that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of the vessel and held harm less for any and all claims arising whatsoever out of said substituted possession and safekeeping of the M/Y "SEALYON."

7. It is further ordered that the M/Y "SEALYON" be allowed to be moved from the location of arrest and attachment to the premises of the Substitute Custodian, or elsewhere, within this District as the Substitute Custodian deems proper and necessary, in order to accommodate the orderly business of the Port and safekeeping of the vessel. During *custodia legis* the Substitute

Case No. 21-cv-62248-BLOOM/Valle

Custodian shall not permit repairs or changes to be made to the Vessel, except for routine maintenance required for the Vessel's safekeeping, or in emergency situations, without an Order of this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 11, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record